**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| QOMPLX LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00913-JRG |
| | § | |
| PALO ALTO NETWORKS, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## **ORDER**

Before the Court is the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (the "Motion") filed by Defendant Palo Alto Networks, Inc. ("PANW"). (Dkt. No. 11.) Having considered the Motion and related briefing, the Court finds that it should be **DENIED WITHOUT PREJUDICE**.

Plaintiff QOMPLX LLC ("Qomplx") filed its Complaint against PANW on August 28, 2025. (Dkt. No. 1.) Qomplx alleges that PANW infringes U.S. Patent Nos. 12,143,424 ("the '424 Patent"); 12,143,425 ("the '425 Patent"); 12,301,627 ("the '627 Patent"); and 11,539,663 ("the '663 Patent"). (*Id*. at ¶ 1.) On November 10, 2025, PANW filed the Motion under Federal Rule of Civil Procedure 12(b)(6), asserting that the Court should dismiss Count IV of the Complaint—alleging infringement of the '663 Patent—"because all claims of the patent are directed to ineligible subject matter under 35 U.S.C. § 101." (Dkt. No. 11 at 1.)

As a threshold matter, the parties dispute whether claim construction is necessary to fully understand the inventive concept and scope of the claim terms in the '663 Patent. Qomplx asserts that "[p]roper claim construction… would assist the Court in evaluating the § 101 inquiry" (Dkt. No. 20-1 at 3). In particular, Qomplx argues that at least the terms "midserver" and "virtual

appliance software application" require construction before the Court should consider the '663 Patent's eligibility. (Dkt. No. 28 at 14-15.) PANW asserts that its Motion "demonstrates that claim 1 [of the '663 Patent] is directed to an abstract idea and that no construction could affect the eligibility analysis given the patent's repeated admissions that every claim element is conventional." (Dkt. No. 20-1.)

The Court is persuaded that claim construction could be of benefit in addressing the issues of eligibility of the '663 Patent in this case. *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 767 (Fed. Cir. 2019) ("[I]n some cases the 'directed to' inquiry may require claim construction, which will often involve consideration of the specification."); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (Dismissal at this early stage is appropriate "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law."). Courts have previously noted that determining eligibility under Section 101 "at the pleading stage is permissible"; however, "those issues are often inextricably tied to claim construction." *E.g.*, *Phoenix Licensing, L.L.C. v. CenturyLink, Inc.*, No. 2:14-cv-965-JRG-RSP, 2015 WL 5786582, at *2 (E.D. Tex. Sept. 30, 2015) (noting that "the need for claim construction is especially apparent … where Defendants dispute the meaning of various terms among the various claims [they] purport[] to be representative of all Asserted Patents").

In light of the parties' claim construction disputes,[1] the Court **DENIES WITHOUT PREJUDICE** PANW's Motion (Dkt. No. 11).

---

[1] *See MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1375 (Fed. Cir. 2019) (finding that the "district court erred by failing to address the parties' claim construction dispute before" determining patent eligibility).

**So ORDERED and SIGNED this 17th day of July, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE